UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DEBBIE SHIRLENE THREET, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00040 |
| | ) | Judge Sharp |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Pending before the Court is Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 14). The motion has been fully briefed by the parties.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance under Title II and Supplemental Security Income ("SSI"), as provided by the Social Security Act ("the Act"). Upon review of the administrative record as a whole and consideration of the parties' filings, the Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g). Plaintiff's motion will be denied.

**I. INTRODUCTION**

Plaintiff filed an application for Title II and Title XVI benefits on June 21, 2012, alleging a disability onset date of December 31, 2010. An Administrative Law Judge ("ALJ") signed a Notice of Decision-Unfavorable, which was mailed to Plaintiff on March 7, 2014. Plaintiff timely filed an appeal with the Appeals Council, which issued a written notice of denial on June

1

2, 2015, thereby making the ALJ's decision the final decision of the Commissioner. This civil

action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on March 7, 2014. (AR p. 10). Based upon the

record, the ALJ made the following enumerated findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2.  The claimant has not engaged in substantial gainful activity since December 31, 2010, the amended alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3.  The claimant has the following severed impairments: mild deformity of the right wrist; a dysthymic disorder; and an anxiety disorder, not otherwise specified (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to 6 hours out of an8-hour workday; sit for up to 6 hours out of an 8-hour day; occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stairs; frequently balance, stoop, kneel, crouch, or crawl; and frequently handle and finger with the right upper extremity. She is limited to occasional interaction with co-workers and supervisors; no interaction with the general public; and simple and detailed tasks.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on November 27, 1962, and was a younger individual age 18-49, on the amended alleged disability onset date. The claimant subsequently changed age categories to an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education ad is able to communicate in English (20 CFR 404.1564 and 416.964).

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2010, the amended alleged onset date, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR pp. 15-26).

## III. REVIEW OF THE RECORD

The following summary of the evidence of record is taken from Plaintiff's brief, Docket Entry No. 14-1 at pp. 1-2:

> Debbie S. Threet, Plaintiff-Appellant, is a 53 year old claimant who was injured in a car accident in 2004, where she suffered from a severely fractured forearm as well as hip and back pain. (Exhibit 2F, University of Tennessee Medical Records). She continued to suffer from severe back pain consistent with her objective findings of a positive straight leg raise bilaterally with lower extremity swelling on multiple occasions (Exhibit 14F Diligent Medical Care records).
>
> On August 25, 2012, Dr. Robert Howell, consultative physician examiner for DDS, (Exhibit 8F), examined the claimant and determined that she had a 10lb lifting restriction and opined that "she should probably avoid work that would require her to bend over, stoop or crawl". In addition, he stated "She may be well suited for a very low impact or limited light duty labor jobs" and "she may be suited for some sort of desk job."

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made any legal errors in the process of

reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court must examine the entire record to determine if the Commissioner's findings are supported by substantial evidence. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing her entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless

of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are of sufficient severity as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the

national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In order to rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the five-step sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ improperly evaluated the residual functional capacity ("RFC"), and the RFC was not supported by substantial evidence.  (Docket Entry No. 14-1). Specifically, the issue postured by Plaintiff is whether the ALJ properly evaluated the opinion

evidence.  (*Id*.).  Plaintiff contends that the Commissioner's decision should be reversed, or in the alternative, remanded for further consideration.  (*Id*. at 6).

Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).  "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Additionally, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

As stated *supra*, here, the specific issue posed by Plaintiff is whether the ALJ properly evaluated the opinion evidence in conjunction with the RFC.  (Docket Entry No. 14-1 at 1). Plaintiff contends the ALJ erroneously accepted the findings of the non-examining and non-treating state agency physician over the examining consultative physician, Robert Howell, M.D..[1]  (*Id.* at pp. 4-5).

---

[1] Plaintiff further purports that new evidence was submitted into the record since "these non[-]examining and non-treating physicians rendered their opinions, and the findings []the ALJ relied on [from the consultants] had no benefit of the records past November 2012."  (*Id*. at 4).  The record reflects that the ALJ explicitly considered these additional medical records (Tr. 16, 24).  These medical records show that Plaintiff continued to retain full ranges of motion and her pain was controlled with medication (Tr. 16, 24, 478-79, 482-85).

The residual functional capacity is the most an individual can still do despite the work related limitations that arise from their impairments. *See* 20 C.F.R. §§ 404.1545, 416.945. However, the residual functional capacity need only include those limitations that the ALJ found credible. *See, Poe v. Comm'r of Soc. Sec.*, 342 F.App'x 149, 155-56 (6th Cir. 2009)(citing 20 § 404.1545).

Here, The ALJ found the following regarding Plaintiff's RFC:

> . . . the claimant has the residual functional capacity lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to 6 hours out of an8-hour workday; sit for up to 6 hours out of an 8-hour day; occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stairs; frequently balance, stoop, kneel, crouch, or crawl; and frequently handle and finger with the right upper extremity. She is limited to occasional interaction with co-workers and supervisors; no interaction with the general public; and simple and detailed tasks.

(AR at p. 20). The ALJ concluded that Plaintiff could perform other work existing in significant numbers, including work as a housekeeper, a laundry folder, and a textile checker (Tr. 25). Consequently, the ALJ found that Plaintiff was not disabled (Tr. 26).

In making the decision, the ALJ relied on medical opinions, Plaintiff's medical treatment, and the medical evidence (Tr. 16-24). In August 2012, Stephen Hardison, M.A., and Carolyn Valerio, Psy.D., performed a consultative evaluation and opined that Plaintiff had mild limitations in performing simple tasks and making simple decisions, and moderate limitations in performing detailed tasks and interacting with others (Tr. 452-555). Later that month, Robert Howell, M.D., performed a consultative examination and opined that Plaintiff could lift 10 pounds continuously and sit, stand, and walk continuously for 8 hours (Tr. 457-60). Plaintiff should probably avoid bending, stooping, and crawling (Tr. 460). State agency medical consultants reviewed the medical records and suggested that Plaintiff could perform a range of detailed, medium work (Tr. 87-95, 120-30). The state consultants also opined Plaintiff could

perform detailed, but not complex, instructions (Tr. 23, 87-89, 93-98, 123-24, 128-30). In September 2012, Robert de la Torre, Psy.D., reviewed the records and opined that Plaintiff could perform detailed tasks and would do better with things than people (Tr. 95). In November 2012, Jeffrey Bryant, Ph.D., affirmed Dr. de la Torre's opinion (Tr. 130).

> As to Plaintiff's physical residual capacity, the ALJ noted:

> In determining the claimant's *physical* residual functional capacity, some weight has been given to the State agency medical consultants [], who indicated that the claimant was capable of a range of *medium* work; however, in reconciling these opinions with the claimant's hearing testimony that she can lift only a gallon of milk (i.e., 10 pounds), the undersigned has given the claimant the significant benefit of the doubt in reducing the residual functional capacity to a range of *light* work. Additionally, the limitation to *frequent* handling and fingering is based upon the objective evidence of *mild* deformity of the right wrist.

> Some weight has been given to the functional assessment articulated by the physical consultative examiner, Dr. Howell, insofar as it is not inconsistent with a finding that the claimant is limited to a range of light work. Specifically, Dr. Howell assessed that the claimant could lift or carry 10 pounds *continuously* in an 8-hour workday [], which, standing alone, does not necessarily support a finding that the claimant is limited to *only* sedentary work or is limited to a 10 pound weight restriction . . . the undersigned gives little weight to any portion of the opinion suggesting that the claimant is unable to perform any bending, stooping or crawling, and/or is limited to a desk job or low impact or very light duty labor job, as such portions of the opinion are overly restrictive and are inconsistent with the findings upon examination and the objective medical evidence of record.

(AR at pp. 21-23) (emphasis in original).

The ALJ may rely on opinions from consulting doctors. *See Brown v. Comm'r of Soc. Sec.*, No. 14-1626, 2015 WL 163059, at *1 (6th Cir. Jan. 13, 2015) ("The ALJ gave 'some weight' to the opinions of three consulting physicians…"). While all medical opinions are evaluated as discussed in 20 C.F.R. § 404.1527, opinions by consulting or non-treating doctors need not be evaluated in accordance with the treating physician rules outlined by the Sixth

Circuit. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527 and *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

The record reflects that the ALJ not did reject the opinion of Dr. Howell; rather, he gave partial weight to the opinion – while also giving some weight to the State agency medical consultants. The Court finds that the ALJ demonstrated proper consideration of Dr. Howell's opinion. Moreover, the record indicates that the ALJ considered other factors, such as Plaintiff's allegations to the extent they were found credible and her retained level of functioning as reflected by the evidence, as well as the medical evidence. Accordingly, the Court finds that substantial evidence supports the ALJ's determination as to Plaintiff's residual functional capacity.

## V. CONCLUSION

In sum, the Court concludes that the findings of the ALJ are supported by substantial evidence on the record as a whole, and are free from legal error. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *E.g., Longworth c. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

For all of the reasons stated, the Court will deny Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 14).

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE